

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Jeremy Chase**
212-603-6495 tel
212-379-5235 fax

jeremychase@dwt.com

March 8, 2021

**VIA ECF**

Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse, Courtroom 14C
500 Pearl St.
New York, NY 10007-1312

    Re:    Lindell v. Mail Media Inc. et. al, No. 1:21-cv-00667

Dear Judge Crotty:

    This letter respectfully requests a pre-motion conference concerning Defendants Mail Media, Inc.'s ("MMI") and Laura Collins's (collectively "Defendants") anticipated motion to dismiss the above case, pursuant to F.R.C.P. 12(b)(6) and N.Y. Civil Rights Law §§ 76-a.[1]

    Plaintiff Mike Lindell sued for defamation, based on an article published on the MailOnline news website which said that he had a romantic relationship with award-winning actress Jane Krakowski, and "wooed" her with gifts (the "Article").[2]  Plaintiff, known as "the MyPillow Guy" from his appearances in national ads as the CEO of MyPillow, became even more prominent for his efforts to overturn the 2020 election and his promotion of an unproven Covid-19 "cure."[3]  Neither Plaintiff nor Krakowski are married.  Nevertheless, Plaintiff claims

---

[1] Defendants also anticipate requesting an award of attorneys' fees under N.Y. Civil Rights Law §70-a.  See, e.g., Palin v. N.Y. Times Co., 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020).

[2] https://www.dailymail.co.uk/news/article-9164471/MyPillow-CEO-Mike-Lindell-secret-romance-30-Rock-star-Jane-Krakowski.html.  The Complaint inaccurately refers to the company as "Mail Media Inc. d/b/a Mail Online", but as Plaintiff's counsel is aware, MMI is not the publisher of the MailOnline website.  MMI reserves all rights concerning Plaintiff's misnaming of MMI rather than the website's UK publisher, Associated Newspapers Ltd.

[3] E.g., Adrian Horton, "Colbert on GOP civil war: 'This time both sides use the Confederate flag,'" The Guardian (Feb. 4, 2021) (discussing late night talk show coverage of Plaintiff), https://tinyurl.com/53brt83n; Tiffany Hsu, As

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

4852-8758-5500v.7 0049264-000095

Honorable Paul A. Crotty
March 8, 2021
Page 2

the Article defamed him by suggesting that he had a "clandestine" relationship with the actress, and by stating that he "purchase[d] liquor or champagne" as gifts for her.  Compl. ¶ 14.

None of these statements are capable of a defamatory meaning.[4]  To be deemed defamatory under New York law,[5] a statement must tend to "expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community."  Nichols v. Item Publs., Inc., 309 N.Y. 596, 600 (1956); see also Jewell v. NYP Holdings, Inc., 23 F. Supp. 2d 348, 360 (S.D.N.Y. 1998) (same).  To state that two unmarried people were in a consensual relationship plainly does not meet this standard.[6]  Nor is it defamatory to state that an adult gave gifts, including alcohol, to another adult.  The Article does not imply that Plaintiff drank alcohol – to the contrary, it notes Plaintiff's recovery from addiction.[7]  The statements at issue are not defamatory as a matter of law.

In addition, the statements at issue are not defamatory per se; because Plaintiff failed to

---

Corporate America Flees Trump, MyPillow's C.E.O. Stands by Him, N.Y. Times (Jan. 27, 2021) (reporting on Plaintiff's conspiracy theories about 2020 election), https://tinyurl.com/ay4byb6u; Heather Murphy, Drug Pitched to Trump for Covid-19 Comes From a Deadly Plant, N.Y. Times (Aug. 22, 2020) (discussing Plaintiff's promotion of Covid-19 "cure"), https://tinyurl.com/3mccgxtp.
[4] Rappaport v. VV Publ'g Corp., 163 Misc. 2d 1, at *5 (Sup. Ct. N.Y. Cnty. 1994) ("to maintain a cause of action for libel the language complained of must be reasonably susceptible of a defamatory meaning as to the plaintiff"), aff'd, 223 A.D.2d 515 (1st Dep't 1996).  "[C]ourts will not strain to find a defamatory interpretation where none exists." Cohn v. Nat'l Broad. Co., 50 N.Y.2d 885, 885 (1980).
[5] New York law will apply in this case.  Lee v. Bankers Tr. Co., 166 F.3d 540, 545 (2d Cir. 1999) (for defamation claims, the situs of the tort should control).  But the same defects would exists under Minnesota law.  McKee v. Laurion, 825 N.W.2d 725, 732 (Minn. 2013) (affirming summary judgment based on lack of defamatory meaning).
[6] See Dellefave v. Access Temporaries, Inc., 2001 WL 25745, at *2, *4 & n.1 (S.D.N.Y. Jan. 10, 2001) (statement "that plaintiff was involved in a romantic and/or sexual relationship with a co-employee" not slander per se); De Gregorio v. CBS, Inc., 123 Misc. 2d 491, 497 (Sup. Ct. N.Y. Cty. 1984) (rejecting claim of libel per se from broadcast depicting married plaintiff hand-in-hand with female co-worker).  See also Freedlander v. Edens Broad., Inc., 734 F. Supp. 221, 227 (E.D. Va. 1990) (statement that unmarried plaintiffs were "live-in lovers" not defamatory "in the context of today's social mores"), aff'd, 923 F.2d 848 (4th Cir. 1991).  Here, both parties are unmarried, and there is no suggestion in the Article that either one was involved with anyone else.
[7] Even if the Article suggested a relapse – which it does not – it would not be defamatory.  Oakley v. Dolan, 2020 WL 818920, at *12 (S.D.N.Y. Feb. 19, 2020).

Honorable Paul A. Crotty
March 8, 2021
Page 3

allege special damages, his claim should be dismissed for that additional reason.

The claims also are barred by the incremental harm doctrine, which rejects claims asserting damage to reputation if the statement at issue "causes no appreciable additional harm" beyond what resulted from unchallenged or non-actionable statements. Church of Scientology Int'l v. Behar, 238 F.3d 168, 176 (2d Cir. 2001).[8] Notably, Plaintiff does not challenge the Article's accurate statements about his promotion of false claims of election fraud, his support of martial law, or about dozens of fraudulent advertising lawsuits brought against him and his company. Any allegedly false statement that Plaintiff had been in a relationship with a beautiful and accomplished actress pales in comparison to the undisputed facts.[9]

Finally, Plaintiff has failed to plead facts sufficient to meet his burden of demonstrating that the Article was published with constitutional actual malice. N.Y. Civil Rights Law § 76-a(2). His sole allegation – that the Article relied on unnamed sources, rather than accept his denial (which the Article reported) – does not meet this strict burden. Cabello-Rondon v. Dow Jones & Co., Inc., 720 F. App'x 87, 89 (2d Cir. 2018).

For all these reasons, Plaintiff's Complaint should be dismissed, and attorneys' fees should be granted to Defendants.

> Respectfully submitted,
>
> Jeremy Chase
> Davis Wright Tremaine LLP

---

[8] See also Jewell, 23 F. Supp. 2d at 392 (applying the doctrine under New York law).

[9] Plaintiff's claims also are precluded because he is libel-proof, i.e., his reputation already was so tarnished that he could not be further injured by the Article. See Guccione v. Hustler Magazine, Inc., 800 F.2d 298, 303–04 (2d Cir. 1986) (plaintiff was libel-proof on the topic of adultery); Dykstra v. St. Martin's Press LLC, 2020 N.Y. Misc. LEXIS 2659, 29 (N.Y. Sup. Ct. 2020) (plaintiff's reputation as "racist, misogynist, and anti-gay," and "a sexual predator, a drug-abuser, a thief, and an embezzler" precluded his defamation claim).

Honorable Paul A. Crotty
March 8, 2021
Page 4


cc: Kelli L. Sager, Esq. (*pro hac vice* pending)
Selina MacLaren, Esq. (*pro hac vice* pending)