

Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Kelli L. Sager**
213.633.6821 tel
213.633.6899 fax

kellisager@dwt.com

May 6, 2021

<u>VIA ECF</u>

Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse, Courtroom 14C
500 Pearl St.
New York, NY 10007-1312

Re:   <u>Lindell v. Mail Media Inc. et al.</u>, Case No. 1:21-cv-00667

Dear Judge Crotty:

Pursuant to this Court's May 3, 2021 Docket Annotation, Defendants Mail Media, Inc. ("MMI") and Laura Collins (collectively "Defendants") respectfully submit this response to Plaintiff Michael Lindell's request for leave to amend the Complaint and proposed amended complaint (ECF Nos. 25-27), and ask this Court to deny Plaintiff's request.  The defects in Plaintiff's sole claim for defamation are detailed in Defendants' Motion to Dismiss (ECF Nos. 22-24) and Reply Memorandum (ECF No. 28).  In seeking leave to amend, Plaintiff tacitly acknowledges that his defamation claim, as pleaded, is legally deficient.  However, his proposed amendments cannot salvage Plaintiff's meritless claim, making it a futile endeavor.

This Court has "broad discretion in deciding whether or not to grant" leave to amend, and may consider, among other things, "whether the sought-after amendment would be futile."  *In re SAIC Inc. Derivative Litig.*, 948 F. Supp. 2d 366, 391 (S.D.N.Y. 2013), *aff'd Welch v. Havenstein*, 553 F. App'x 54 (2d Cir. 2014) (citation omitted).  Amendment is "futile" where – as here – "the proposed claim could not withstand a motion to dismiss."  *Id.* at 391 (citation omitted).  Defendants' Motion and Reply provide four independent reasons why Plaintiff cannot state a claim for defamation; his proposed amendment does not even address three of these bases

Honorable Paul A. Crotty
May 6, 2021
Page 2

for dismissal, and does not cure the defects that give rise to the fourth basis for dismissal.

*First*, the statements in Defendants' Article that are identified in his Complaint simply are not defamatory, under well-established law. Mot. at 9-18; Reply at 1-5. Plaintiff's dilatory attempt to assert a defamation-by-implication claim in his Opposition brief similarly fails. Reply at 2-4. No amendment can cure this inherent defect; Plaintiff is limited to the statements in the Article and implications that can reasonably be drawn from it, none of which are actionable.

*Second*, Plaintiff's defamation claim is barred by the incremental harm doctrine, because the isolated statements he identifies could not plausibly cause him harm beyond his reputation from the *nonactionable* statements in the Article, and in other widely-published materials about his bizarre public statements and behavior. Mot. at 18-20; Reply at 7-8. Plaintiff's proposed amendments do not address this issue at all – nor is there any way he could amend around it, given the Article's content and the dozens of uncontested published statements about him.

*Third*, Plaintiff indisputably is a public figure, who must plead facts sufficient to meet the strict requirement of constitutional actual malice. But the only **facts** he has pleaded – that the subjects of the Article "denied" having a relationship – do not meet his burden. Mot. at 20-23; Reply at 8-10. He does not and cannot offer any other facts that would satisfy this requirement.[1]

*Finally*, Plaintiff must demonstrate either that the statements at issue are defamatory *per se*, or plead facts showing specific special damages he suffered due to an actionable statement. Mot. at 15-18; Reply at 5-7. This is the *only* issue his "amended" pleading addresses; in trying to bolster his meritless claim that the statements impugned him in his "business" or "trade," Plaintiff seeks to add vague, irrelevant details about the Lindell Recovery Network ("LRN") – all

---

[1] The "actual malice" requirement independently applies here under New York's SLAPP statute, which also entitles Defendants to attorneys' fees. Plaintiff's proposed amendments do not address the SLAPP statute, nor could they.

Honorable Paul A. Crotty
May 6, 2021
Page 3

of which were available to him before Defendants' Motion was filed – and *none* of which provide a basis for the Court to find defamation *per se*. In particular, none of the proposed "new" facts[2] demonstrate that LRN is Plaintiff's "business, profession or trade" – at most, it is a charity that he supports. Moreover, none of the statements at issue reflect directly on Plaintiff's ability to promote or support LRN, as required for defamation *per se*. Mot. at 16; Reply at 6-7. The proposed amendment does not cure these defects, and does not include any facts supporting a special damages claim. Thus, amendment would be futile.

The proposed amendments also largely repeat what Plaintiff already pleaded.[3] Leave to amend is inappropriate where, as here, the amendments do not include any "new information that was not within [Plaintiff's] knowledge before briefing on the motion to dismiss." *U.S. ex rel. Hussain v. CDM Smith, Inc.*, 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018). His proposal to add new amorphous allegations about matters the operative pleading already addresses should be rejected. *Id.* (merely "expound[ing] upon particular factual elements of those allegations already pleaded … to provide greater clarity" was too "vague," rendering amendment futile).

Because the amended complaint would not survive dismissal, and would "assert the same claims, challenge the same wrongful conduct, … and would not meaningfully change [the] underlying allegations, . . . leave to amend must be denied." *CDM Smith, Inc.*, 2018 WL 11217206, at *1 (quotations and citations omitted).

---

[2] These "new" facts are the "approximate[]" date of LRN's founding; that it provides unspecified "services" (identifying only an "online platform" for watching "videos and testimonials"); that it "intends to affiliate with churches and religious treatment centers," and that an unidentified "Christian broadcaster" informed LRN "that churches may be pulling out because of Defendants' allegations." ECF No. 27 at ¶¶ 24-25, 29-30.

[3] The claims that LRN is "faith-based," uses Plaintiff's name and "personal story," and provides addiction services add nothing new. ECF No. 27 at ¶¶ 25-27; *compare id.* at ¶¶ 5, 14(a) (same allegations in original Complaint). The claim regarding an unnamed Christian broadcaster merely expands slightly on a previously-pleaded allegation. *Id.* at ¶ 5 (claiming Plaintiff's "ability to succeed in this important effort have been severely impacted").

Honorable Paul A. Crotty
May 6, 2021
Page 4

                                          Respectfully submitted,

                                          Davis Wright Tremaine LLP

                                          */s/ Kelli Sager*
                                            Kelli Sager

cc:    Charles Harder, Esq. (counsel for Plaintiff) (via ECF)
        Jeremy Chase, Esq.
        Selina MacLaren, Esq.

4847-1218-7624v.2 0049264-000095